```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

THE NATIONAL FEDERATION         *
OF THE BLIND,                   *
                                *
           Plaintiff             *
                                *
     v.                         *   CIVIL NO. GJH-18-2965
                                *
U.S. ABILITYONE,                *
COMMISSION, et. al.,            *
                                *
           Defendants            *
                                *

    *    *    *    *   ***    *    *    *    *
```

**CONSENT MOTION OF THE DEFENDANTS TO ENLARGE
THE TIME FOR FILING AN ANSWER OR DISPOSITIVE MOTION**

The defendants, the United States AbilityOne Commission, Thomas D. Robinson and Tina Ballard, the Chairperson and Executive Director, respectively, of AbilityOne Commission, by their attorneys, Robert K. Hur, United States Attorney for the District of Maryland, and undersigned counsel, move, pursuant to Fed.R.Civ.P.6(b), to further extend the deadline by seven days after the lapse in governmental appropriations is restored or by February 1, 2019, whichever occurs first, for filing an answer or dispositive motion in connection with the complaint for declaratory and injunctive relief and a response to the recently filed motion for preliminary injunction in the above-captioned case for the following reasons:

1.   The plaintiff, the National Federation of the Blind

1

("NFB"), filed suit in this District averring that it is entitled to a declaratory judgment and injunctive relief because the defendants, allegedly, violated the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq.*, by designating the American Federation of the Blind as a Central Non-profit Agency ("CNA") without the proper notice and comment period. ECF No. 1 in *National Federation of the Blind v. U.S. AbilityOne Commission, et al.*, Civ. No. GJH-18-2965. The NFB further alleges that the CNA designation also violates federal Uniform Administrative Requirements, Cost Principles and Audit Requirements for Federal Awards ("UAR"), 2 C.F.R. § 1.100, *et. seq.*, Federal Procurement Policy, 41 U.S.C. § 1708, and Federal Acquisition Regulations ("FAR"), 48 C.F.R. § 1.101, *et. seq*. ECF No. 1. at ¶ 48. An answer or response to the complaint is due presently on January 25, 2019.

2. On December 6, 2018, the NFB filed in this case a motion for a preliminary injunction. ECF No. 17, Plaintiff's Motion for Preliminary Injunction. The motion is bottomed on the same challenge to the CNA designation that is at the heart of the complaint for injunctive and declaratory relief, *compare ECF No. 1 with ECF No. 17,* though the standard of review pertaining to the two issues differs. The motion for preliminary injunction seeks to enjoin the implementation of a Cooperative Agreement between the defendants and the American Federation of the Blind, the same

relief sought in the complaint for declaratory and injunctive relief.  ECF No. 17 at 24-26; ECF No. 1 at 22, ¶ 95(d).

3.   The defendants sought and were granted permission by the Court to effectively consolidate their responses to the complaint for declaratory and injunctive relief with the motion for preliminary injunction and file such responses on the same date on January 25, 2019.  The lapse in governmental appropriations is continuing to date.  This circumstance has necessarily impeded the ability of undersigned counsel to prepare responsibly a pleading which addresses the issues asserted by the plaintiff in both its complaint and the concomitant motion for preliminary injunction in a form and substance suitable for submission to the Court.  Even if the lapse in appropriations is restored by January 21, 2019, that would still leave undersigned counsel insufficient time to prepare its response and file same on the present due date.  Undersigned counsel therefore requests an extension of time of seven (7) days after the lapse in appropriations is restored or to February 1, 2019, whichever occurs first, to file a response to both the complaint and the separate motion for a preliminary injunction.

4.   Counsel for the plaintiff was queried about the proposed extension and has consented to such.

5.   This motion is not made for purposes of delay.

WHEREFORE, it is respectfully requested that this Honorable Court grant leave for the defendants to file a response or dispositive motion to both the Complaint for Injunctive and Declaratory Relief and the Motion for Preliminary Injunction by either seven (7) days after the lapse in appropriations is restored or to February 1, 2019, whichever occurs first.

A proposed Order setting the date for the filing of the defendants' answer or dispositive motion respecting both pleadings is attached herewith.

        Respectfully submitted,

        ROBERT K. HUR
        United States Attorney

By:  /s/
        TARRA DeSHIELDS
        Assistant United States Attorney
        General Bar No. 07749
        Office of the United States Attorney

        36 South Charles Street
        Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4800

        Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of January, 2019, a copy of the foregoing Motion Of The Defendants For Extension Of The Deadline for Filing an Answer or Dispositive Motion to the

Complaint for Injunctive and Declaratory Relief and the Motion for Preliminary Injunction was filed electronically and was thus so served upon Eve L. Hill and Emily L. Levenson, BROWN GOLDSTEIN & LEVY, LLP, 120 East Baltimore Street, Suite 1700, Baltimore, Maryland 21202.

                                                /s/_____
                                                TARRA DeSHIELDS
                                                Assistant United States Attorney